Filed 6/24/21  P. v. Castillo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ABEL CASTILLO,<br><br>    Defendant and Appellant. | G059693<br><br>(Super. Ct. No. 02CF0796)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Maria D. Hernandez, Judge.  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After a gang-related intersection incident in which the passengers of one car fired upon the passengers of another, appellant Abel Castillo was convicted of two first degree murders. He was convicted as one of the two shooters. Special circumstances were found to be true, establishing that the killing was intentional, appellant was an active participant, and it was done to further the interests of his criminal street gang. (Pen. Code, §§ 190.2, subd. (a)(21) and 190.2, subd. (a)(22).)

In 2019, appellant filed a petition seeking to vacate his murder convictions pursuant to subsequently-enacted Penal Code section 1170.95. That petition was denied by the trial court on the basis that there was no aiding and abetting and there was no felony murder. The statute provides relief only for petitioners convicted of murder under a felony murder or natural and probable consequences theory. Since the information filed against petitioner was not based upon either of those theories and neither was ever mentioned to the jury, the court ruled he was not entitled to relief.

Appellant appealed, and we appointed counsel to represent him. Counsel filed a brief which set forth the facts of the crime itself and the court's ruling on appellant's petition. Counsel did not argue against his client but advised us he could find no issues to argue on appellant's behalf. Appellant was invited to express his own objections to the proceedings against him but did not do so. We reconsidered the application of Penal Code section 1170.95 to his case and have also scoured the record for any other mistakes, as we are required to do when appellate counsel reports an inability to find an appellate issue. (*People v. Wende* (1979) 25 Cal.3d 436.) It should be emphasized that our search was not for issues upon which appellant *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. Appellant does not fall within the ambit of the statute because the prosecution was based not on a felony murder theory or a natural and probable consequences theory, but upon personal malice aforethought in a crime in which he was an active participant and intended to kill. There

2

is no relief available under Penal Code section 1170.95 for someone whose conviction is based on those findings.

To his credit, very thorough appellate counsel went further than the denial of appellant's petition in trying to find an arguable appellate issue. He considered the possibility it might have been error for the court below to deny the petition without appointing counsel for appellant. And it may have been. The statute says, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (Pen. Code, § 1170.95, subd. (c).)

That language is not clear as far as when the statutory right to counsel attaches. Some have argued the mere allegation of circumstances which bring the case within the rubrics of Penal Code section 1170.95 requires a hearing. Others believe the court can look at the record of conviction to decide whether a hearing is required.

But we need not determine whether failure to appoint counsel was error in this case because the issue has since been reviewed both by appointed appellate counsel and this court, and both have determined there was no prima facie case for application of the statute. Had counsel been appointed below, he/she could have done no more than we have done, and it would be an idle act to send the matter back now to appoint counsel to consider making an argument appellate counsel and this court have concluded to be legally insufficient.

We have been unable to find any other issues that might be argued in appellant's behalf. Our review is limited to issues pertaining to his Penal Code section

3

1170.95 petition, and we can find nothing there that might lead to reversal.  The judgment is therefore affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:



THOMPSON, J.



GOETHALS, J.